IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE HOOD, ) | |
| AIS # 183273, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV334-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

By separate order entered on this date, the court has granted plaintiff's motion to proceed *in forma pauperis* in this action. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. 1915(e)(2)(B).[1] Plaintiff, proceeding *pro se*, petitions the court to appoint an attorney to represent him in this matter and to set a hearing before the United States Embassy or a "U.S. Consular and Di[]plomatic officer in this United States Middle District Court." (Doc. # 1). Plaintiff seeks to apply for "Dual Citizenship of the U.S.A. and United Kingdom Africa" and to renounce his United States citizenship pursuant to 8 U.S.C. § 1481(a)(5). Plaintiff further claims sovereign diplomatic immunity due to his citizenship in the "(U.K.) of Africa in the City of Kenya Africa" and asks that this court order the United

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

States "to please Import him back to Africa as a Legal Citizen Immediately Pursuant Act of Congress 18 U.S.C. 3181 '(a)'(1)[.]" (Id.)

In filing this petition, plaintiff joins many other prisoner plaintiffs who have sought to renounce their United States citizenship during their incarceration so that they may be deported before the expiration of their sentence to a term of confinement.  See, *e.g.,* Persson v. United States Department of State, 2011 WL 1464387 (C.D. Cal. Mar 22, 2011), *recommendation adopted,* 2011 WL 1464507 (C.D. Cal. Apr. 14, 2011); Walker v. Holder, 714 F. Supp. 2d 44 (D.D.C. 2010), *affirmed*, 430 Fed. Appx 1 (D.C. Cir. 2011);  Duncan v. United States Department of State, 2008 WL 4821323 (W.D. Va. Oct. 30, 2008); Davis v. United States of America, 2008 WL 1819928 (W.D. La. Mar. 28, 2008). In this case, plaintiff seeks to invoke the procedure established in 8 U.S.C. § 1481(a)(5) for voluntary renunciation of citizenship.  The statute provides that a United States national "shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality – ... (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State[.]"  8 U.S.C. § 1481(a)(5).  Plaintiff contends that a United States Magistrate Judge is a "diplomatic or consular officer of the United States" and, further, that the statute's requirement that the renunciation occur "in a foreign state" means that the renunciation must occur "[i]n a foreign country (*Normally*) at a U.S. Embassy or Consular[.]" (Doc. # 1, p. 3)(emphasis added).

Plaintiff's argument is frivolous. He is wrong, clearly, on both counts. The subsection under which plaintiff claims a right of renunciation requires – by its express terms – that plaintiff appear "before a diplomatic or consular officer of the United States *in a foreign state*[.]" 8 U.S.C. § 1481(a)(5)(emphasis added). The statute also permits a citizen to make formal renunciation of nationality "in the United States" – but only when the United States is in a state of war and the Attorney General has approved the renunciation "as not contrary to the interests of national defense[.]" 8 U.S.C. § 1481(a)(6). Those circumstances do not exist in this case.[2] Additionally, United States Magistrate Judges serve within the judicial districts of the states and territories of the United States and may not hold any other civil office or employment under the United States, with limited and specified exceptions that do not include serving as a U.S. diplomatic or consular officer. 28 U.S.C. § 636(a), (c).

"[T]here is no way for Plaintiff to formally renounce his citizenship while he is incarcerated in the United States and he does not have a right to travel to another country while he is incarcerated in order to renounce his citizenship." Persson, 2011 WL 1464387, * 2 (citing Koos v. Holm, 204 F.Supp.2d 1099, 1108 (W.D. Tenn. 2002) and Taylor v. United States Department of State, 2010 WL 4225535 at *3 (E.D. Cal. Oct. 20, 2010)); see also Duncan, 2008 WL 4821323 at *2 ("It is well established that '[l]awful incarceration brings about the necessary withdrawal or limitations of many privileges and rights' as part of the penalty for one's criminal conviction. Moreover, courts have uniformly held that an

---

[2] Plaintiff alleges no facts implicating the remaining subsections of 8 U.S.C. § 1481.

incarcerated citizen has no right to compel governmental officials to transport him out of the country in order to facilitate his renunciation of citizenship.")(citations omitted).  This action is, accordingly, due to be dismissed prior to service of process.[3]

## CONCLUSION

For the foregoing reasons, and for good cause, it is ORDERED that plaintiff's motion for appointment of counsel is DENIED. It is further

ORDERED that plaintiff's motion for leave to amend his action to designate himself as the defendant and the United States as the plaintiff in this matter (Doc. # 3) is DENIED.[4]

Additionally, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 16, 2011. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

---

[3] Because the circumstances that preclude relief cannot be cured by amendment presently, plaintiff's complaint is due to be dismissed with prejudice, and without leave to amend.

[4] In his pleading, plaintiff designated himself as the "petitioner" and identified no respondent or defendant.  By order entered May 24, 2011, the court construed plaintiff's petition to assert claims against the United States, since he seeks injunctive relief against the United States.  (Doc. # 4).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of December, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE